UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO.:

AT LAW AND IN ADMIRALTY

EILEEN KROPF,

    Plaintiff,

v.

CELEBRITY CRUISES, INC.,

    Defendant.

_____/

## COMPLAINT FOR DAMAGES

The Plaintiff hereby sues the Defendant and files this Complaint for Damages, and says:

### THE PARTIES AND JURISDICTION

1. This is an action for damages that exceed $75,000.00 exclusive of interest, costs and attorney's fees.

2. The Plaintiff, EILEEN KROPF is sui juris and is a resident of Pennsylvania. EILEEN KROPF's principal residence, and thus citizenship for purposes of diversity of citizenship, is in Pennsylvania.

3. The Defendant Celebrity Cruises, Inc. (hereinafter referred to as "Celebrity" or "Defendant" or "the cruise line"), is incorporated outside the state of Florida, but does business in the State of Florida, and at all times material hereto was and is doing business in Miami-Dade

County, Florida. At all times material hereto, the Defendant owned and/or operated the cruise ship on which the subject negligence occurred.

4. Federal subject matter jurisdiction arises under and is by virtue of Diversity of Citizenship pursuant to 28 U.S.C. § 1332, as this is a civil action where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States and/or citizens of a State and citizens or subjects of a foreign state, and arises under and is by virtue of the admiralty or maritime jurisdiction pursuant to 28 U.S.C.§ 1333, and is being filed in Federal Court in Miami-Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

5. The Defendant, at all times material hereto, itself or through an agent or representative, in the County and in the District in which this Complaint is filed:

   a. Operated, conducted, engaged in or carried on a business venture in this state and/or county; and/or

   b. Had an office or agency in this state and/or county; and/or

   c. Engaged in substantial activity within this state; and/or

   d. Committed one or more of the acts stated in Florida Statutes, Sections 48.081, 48.181 or 48.193;

Venue is proper in Federal Court in Miami-Dade County, Florida, as required by the venue selection clause in the Passenger Contract Ticket issued by the Defendant.

6. All **conditions precedent** for filing and maintaining this action have been fulfilled, have been waived, or do not apply.

## OTHER ALLEGATIONS COMMON TO ALL COUNTS

7. **DATE OF THE INCIDENT.** The incident and the acts of Defendant's negligence occurred on June 4, 2013 at approximately 9:45 a.m.

8. **STATUS OF THE PLAINTIFF AS OF THE DATE OF THE SUBJECT INCIDENTS.** At all times material hereto, the Plaintiff was a passenger on the subject cruise ship described herein and, accordingly, was an invitee while on the vessel. The Plaintiff is not in possession of the Passenger Contract Ticket. The Defendant is in possession of the Passenger Contract Ticket or a facsimile thereof.

9. **LOCATION OF THE NEGLIGENCE.** This incident occurred on the vessel Celebrity *Summit*, a ship in navigable water while the Plaintiff was a passenger aboard. Accordingly, the Plaintiff's claims are governed by the general maritime law. Specifically, the incident occurred on the Celebrity *Summit* on the Deck 10 dining room tile and carpeted area leading from one section of the dining room to another.

10. **DESCRIPTION OF THE INCIDENT.** The defendant cruise line, Celebrity Cruises, Inc. owns or operates over twenty (20) cruise ships in its fleet. Among all those cruise ships, it operates restaurants and dining areas and other common areas with slick tile surfaces. In the dining room on board the Celebrity Summit, there is a strip of cream color tile with a highly polished finish. That tile remained wet and slick as ice for an extended period of time before Plaintiff walked across it. In fact, witnesses observed this tile to be slick, wet and slippery almost one hour before this incident. As a result of defendant's negligence in allowing this tile to remain in a wet and slippery condition, the Plaintiff slipped and fell on the tile thereby injuring her hip and required revision surgery of a prior hip replacement. This in turn has led to permanent, debilitating and significant injuries.

## COUNT I
## NEGLIGENCE

11. The Plaintiff, EILEEN KROPF hereby adopts and re-alleges each and every allegation in paragraphs 1 through 10, above.

12. **DUTIES OWED BY THE DEFENDANT**. The Defendant owed a "duty to exercise reasonable care for the safety of its passengers" including the Plaintiff herein. See, *Hall vs. Royal Caribbean Cruises, Limited*, 2004 A.M.C. 1913, 2004 WL 1621209, 29 FLWD 1672, Case No. 3D03-2132 (Fla. 3d DCA Opinion filed July 21, 2004). The Defendant also owed a "duty to exercise reasonable care under the circumstances". See, *Harnesk vs. Carnival Cruise Lines, Inc*, 1992 AMC 1472, 1991 WL 329584 (S. D. Fla. 1991). The Defendant's "duty is to warn of dangers known to the carrier in places where the passenger is invited to, or may reasonably be expected to visit." See, *Carlisle vs. Ulysses Line Limited, S.A.*, 475 So. 2d 248 (Fla. 3d DCA 1985).

13. The Defendant breached those duties and was negligent by:

   a. Failure to require crew members to wipe down wet areas;

   b. Failure to adequately warn anyone including the Plaintiff who would walk onto the flooring in the indoor dining room on Deck 10 of the dangerous condition and the fact that the floor was slippery;

   c. Failing to inspect for and to observe the slippery area of the flooring in the indoor dining room on Deck 10;

   d. Observing that the floor area in the indoor dining room on Deck 10 was damp, but failing to wipe down the wet floor area;

   e. Failing to implement a method of operation which was reasonable and safe and would prevent dangerous conditions such as the one in this case;

4

  f. Allowing an ongoing, recurring, continuous and/or repetitive problem to occur or to remain on the premises which would cause incidents or injuries;

  g. Providing negligent maintenance to the area or to the premises and failing to provide proper and reasonable maintenance of the flooring in the indoor dining room;

  h. Utilizing or allowing negligent method of operations;

  i. Failing to otherwise maintain the area and the premises in a safe and reasonable manner;

  j. Failing to comply with applicable industry standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence;

  k. Failing to otherwise provide its passengers with a safe place to walk.

  l. Failing to comply with applicable standards, statutes, and/or regulations the violation of which is negligence per se and/or evidence of negligence.

  m. Failure to comply with applicable industry standards, statutes, and/or regulations which invokes the Pennsylvania Rule and shifts the burden of proof to the Defendant in the proof of negligence or proof of the absence of negligence.

  14. The Defendant created a dangerous condition on the subject ship and allowed the dangerous condition to exist thereby causing an incident on the date referenced above in which the Plaintiff was severely injured.

15. The Defendant either: (a) created the dangerous condition, through its agents or employees; (b) had actual knowledge of the dangerous condition; and/or (c) had constructive knowledge of the dangerous condition.

16. The Defendant had constructive knowledge of the dangerous condition by, inter alia, (a) the length of time the dangerous condition existed; (b) the size and/or nature of the dangerous condition; and/or (c) the fact that the dangerous condition, a similar dangerous condition, or the cause of the dangerous condition was repetitive, continuous, ongoing, recurring, or occurring with some regularity. Thus, the dangerous condition was reasonably foreseeable and in the exercise of reasonable care the Defendant should have known about it.

17. In the alternative, notice to the Defendant is not required because the Defendant (a) engaged in and was guilty of negligent maintenance; and/or (b) engaged in and was guilty of negligent methods of operations.

18. The negligent condition was created by the Defendant; and was known to the Defendant; and had existed for a sufficient length of time so that Defendant should have known of it; and was a continuous or repetitive problem thus giving notice to the Defendant.

19. The negligent condition occurred with sufficient regularity so as to be foreseeable by the Defendant, and should have been foreseeable by the Defendant.

20. As a result of the Defendant's negligence, the Plaintiff, EILEEN KROPF, has suffered permanent economic and non-economic damages including bodily injury, possible aggravation of preexisting conditions, pain, suffering, mental anguish, loss of enjoyment of life, physical impairment and disability, inconvenience, scarring, disfigurement on a permanent basis, loss of income in the past, loss of the capacity to earn income in the future, and medical and household and other expenses. The losses are either permanent or continuing. The Plaintiff has

suffered these losses in the past and will continue to suffer them in the future.

WHEREFORE, the Plaintiff demands Judgment against the Defendant, CELEBRITY CRUISES, INC., for all non-economic damages suffered in the past and in the future as a result of the bodily and personal injuries suffered by the Plaintiff, EILEEN KROPF, including but not limited to bodily injury, pain, suffering, mental anguish, loss of capacity for the enjoyment of life, physical impairment and disability, inconvenience, scarring and disfigurement on a permanent basis; economic damages suffered in the past and in the future, including but not limited to expense of hospitalization and medical and nursing care and treatment, household expenses, loss of earnings, loss of ability to earn money, loss of important bodily functions, and significant and permanent scarring or disfigurement, which have been incurred or suffered in the past and which will be incurred or suffered in the future; all court costs, and interest which accrues from the date of the incident on all economic and non-economic damages under the General Maritime Law, and any and all other damages which the Court deems just or appropriate.

Hickey Law Firm, P.A.
*Attorney for Plaintiff*
1401 Brickell Avenue, Suite 510
Miami, FL 33131-3504
P: (305) 371-8000
F: (305) 371-3542
hickey@hickeylawfirm.com

By: _____
John H. Hickey, Esq.
Florida Bar No. 305081
