UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-CV-21599-BLOOM/VALLE

EILEEN KROPF,

    Plaintiff,

     v.

CELEBRITY CRUISES, INC.,

    Defendant.
_____/

# ORDER

THIS MATTER is before the Court on Defendant Celebrity Cruises, Inc.'s Motion to Preclude Attendance of Plaintiff's Counsel and Videographer at Independent Medical Examination ("Motion") (ECF No. 24), which has been referred to the undersigned by United States District Judge Beth Bloom. *See* (ECF No. 21). The Court has reviewed Defendant's Motion, Plaintiff's Response (ECF No. 26), and Defendant's Reply (ECF No. 27), and is otherwise duly advised in the premises.

For the reasons set forth below, the Court finds that Defendant has shown good cause for a Court-ordered medical examination of Plaintiff's alleged injuries under Federal Rule of Civil Procedure 35, but that Plaintiff has not shown good cause for any third-parties to attend or record the medical examination. Therefore, Defendant's Motion is **GRANTED**.

**I. BACKGROUND**

This case concerns Plaintiff's alleged slip-and-fall aboard Defendant's cruise ship. In her one-count Complaint, Plaintiff alleges: "As a result of defendant's negligence in allowing this tile to remain in a wet and slippery condition, the Plaintiff slipped and fell on the tile thereby injuring her

hip and required revision surgery of a prior hip replacement. This in turn has led to permanent, debilitating and significant injuries." (ECF No. 1 ¶ 10).

On October 14, 2014, Defendant's counsel emailed Plaintiff's counsel a Notice of Rule 35 Compulsory Medical Evaluation. *See* (ECF Nos. 24-1 and 24-2). The notice advised that Defendant intended to have Plaintiff undergo a medical examination by Defendant's medical expert, Dr. Marc Ulmas, on December 1, 2014 at 4:00p.m. at a specified location in Miami Beach, Florida. *See* (ECF No. 24-1). The Notice also explained that the "examination is being conducted for the purpose of determining the exact nature and extent of the Plaintiff's injuries, if any, and disabilities, resulting from her alleged illness or injury caused by the Defendant." *Id.*

On November 14, 2014, Plaintiff's counsel responded to Defendant's email, advising that "we intend to send a videographer to videotape your defense medical examination of our client." (ECF No. 24-2). Five days later, Defendant filed the instant Motion opposing the request.

**II. DISCUSSION**

In its Motion, Defendant asks the Court to preclude Plaintiff's counsel and a videographer from attending Plaintiff's medical examination by Defendant's medical expert. *See* (ECF No. 24). As grounds, Defendant first argues that the parties "effectively stipulated" to a medical examination of Plaintiff by Defendant's medical expert under Federal Rule of Civil Procedure 35. *Id.* at 1. Defendant next contends that Plaintiff cannot show good cause for her lawyer or a videographer to attend the medical examination. *Id.* at 3-4. Defendant further posits that the presence of Plaintiff's counsel and a videographer at the medical examination would be unwieldy, problematic, and unnecessary. *Id.* at 6.

In response, Plaintiff disputes that she stipulated to a medical examination merely "by her counsel's cooperation in disclosing to defense counsel when she and her counsel were available." (ECF No. 26 at 2). Plaintiff further argues that Defendant has neither filed a motion for a

2

compulsory medical examination under Rule 35 nor shown good cause for an order compelling one. *Id.* at 1-3.  Plaintiff also claims that Defendant failed to articulate a reasonable scope and manner of the medical examination.  *Id.* at 3.  Lastly, Plaintiff claims that she has the right to have both her lawyer and a videographer attend her medical examination by Defendant's medical expert under Florida law.  *Id.* at 4.

### A.  Plaintiff agreed to a Rule 35 medical examination.

At the outset, while the Court appreciates Plaintiff's argument that Defendant did not move for a Court-ordered medical examination under Rule 35,[1] the Court agrees with Defendant that Plaintiff stipulated to a medical examination by Defendant's medical expert.  To be sure, Defendant gave Plaintiff notice of the medical examination on October 14, 2014, almost seven full weeks before the date of the scheduled December 1, 2014 medical examination.  Nothing in the record, moreover, suggests that Plaintiff or her counsel objected to Defendant's notice of the medical examination.  Instead, the record evidence shows that Plaintiff waited until November 14, 2014— approximately one month after receiving the notice and about two weeks before the date of the scheduled examination—to inform Defendant via email that she intended to bring a videographer to her medical examination.  Although Plaintiff's counsel's email did not explicitly state that Plaintiff "agreed" or "stipulated" to the medical examination, it clearly implied that she would appear for the medical examination at the time and place noticed by Defendant.  Under these circumstances, the Court finds that Plaintiff agreed to the medical examination by Defendant's medical expert on December 1, 2014.

---

[1] In any event, in resolving this dispute between the parties, the Court construes Defendant's Motion as one to compel a medical examination under Rule 35.  *See Evans v. Noble Drilling Corp.*, No. G-06-599, 2007 WL 2818001, at *2 (S.D. Tex. Sept. 25, 2007) ("Rule 35(a) is generally construed liberally in favor of granting discovery.") (citation omitted).  In the instant case, such a construction is in the interest of justice, considering that Plaintiff resides out-of-state and already plans to be in South Florida on the day of the scheduled medical examination.

### B.  Defendant has shown good cause for a Rule 35 medical examination.

Under Federal Rule of Civil Procedure 35(a), the Court may order a party "whose mental or physical condition . . . is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner" upon a showing of good cause.  Fed. R. Civ. P. 35(a)(1)-(2).  According to the Supreme Court, "[a] plaintiff in a negligence action who asserts mental or physical injury . . . places that mental or physical injury clearly in controversy and provides the defendant with good cause for an examination to determine the existence and extent of such asserted injury."[2] *Schlagenhauf v. Holder,* 379 U.S. 104, 119 (1964).

Here, Plaintiff alleges that: "As a result of defendant's negligence in allowing this tile to remain in a wet and slippery condition, the Plaintiff slipped and fell on the tile thereby injuring her hip and required revision surgery of a prior hip replacement.  This in turn has led to permanent, debilitating and significant injuries."  (ECF No. 1 ¶ 10); *see also id.* ¶ 20 (alleging that Plaintiff suffered "bodily injury, possible aggravation of preexisting conditions, pain, suffering, mental anguish, loss of enjoyment of life, physical impairment and disability, inconvenience, scarring, [and] disfigurement on a permanent basis").  The Court thus finds that Plaintiff's mental and physical health is in controversy and, therefore, good cause exists for a Court-ordered medical examination under Rule 35.  *See Calderon v. Reederei Claus-Peter Offen GMBH & Co.*, 258 F.R.D. 523, 529-30 (S.D. Fla. 2009) (Seltzer, Mag. J.) (finding good cause for a Rule 35 medical examination where Plaintiff alleged that Defendants' negligence caused him to sustain "serious personal injuries" and sought damages for those injuries).  The Court further finds that Defendant's

---

[2] While Plaintiff argues that Defendant does not need to conduct its own medical examination because Plaintiff's medical records and various discovery tools are available to Defendant, *see* (ECF No. 26 at 2), the Court rejects Plaintiff's argument.  Compulsory medical examinations "'are often necessary, even when the plaintiff's medical records are available, because there are few, if any, acceptable substitutes for a personal physical examination.'"  *Funez v. Wal-Mart Stores E., LP*, No. 1:12-CV-0259-WSD, 2013 WL 123566, at *7 (N.D. Ga. Jan. 9, 2013) (citation omitted).

proposed scope and manner of the medical examination is reasonable in light of Plaintiff's alleged injuries in this case.

### C. Plaintiff may not bring a videographer or any other third-parties to her medical examination by Defendant's medical expert.

Rule 35 is silent as to who may attend a Court-ordered "mental or physical" examination. *See* Fed. R. Civ. P. 35.  The answer to that question, therefore, is left to the Court's discretion.  *See, e.g.*, *Calderon*, 258 F.R.D. at 526.

"Most courts analyze a request for a recording device the same way they evaluate whether to permit the presence of an attorney at a Rule 35 . . . [medical] examination."  *Lerer v. Ferno-Washington, Inc.*, No. 06-81031, 2007 WL 3513189, at *1 (S.D. Fla. Nov. 14, 2007) (Rosenbaum, Mag. J.) (internal quotation marks and citations omitted).  In doing so, "courts have found that the party seeking to have the observer or recording device present bears the burden of demonstrating 'good cause' for the request under Rule 26(b) . . . , as the presence of a third party is not typically necessary or proper."  *Id.* (citation omitted).  "Indeed, courts have held that the presence of a third party or recording device subvert[s] the purpose of Rule 35, which is to put both the plaintiff and defendant on an equal footing with regard to evaluating the plaintiff's [medical] status."  *Id.* (internal quotation marks and citations omitted).  In other words, because personal injury plaintiffs are generally able to be examined by physicians of their own choosing in the absence of recording devices, those same plaintiffs should not be allowed to record Court-ordered medical examinations by defense medical experts unless they can show that "special conditions are present which call for a protective order tailored to the specific problems presented."  *Id.* (internal quotation marks and citations omitted).  Put simply, what is good for the goose is good for the gander.

Here, Plaintiff has not shown good cause for the presence of any third parties or recording devices at her medical examination by Defendant's medical expert.  While the Court is aware of the

general concerns about the potential bias of a defense-selected physician conducting Plaintiff's medical examination, Plaintiff has not propounded any evidence suggesting that Defendant's medical expert, Dr. Ulmas, will not "'make a fair examination.'" *Id.* at *2 (citation omitted).

The Court, therefore, finds that no good cause or special conditions exist to warrant disturbing the "level playing field" intended to be established by Rule 35.[3]  *See id.* (denying plaintiff's motion to videotape defendant's Rule 35 medical examination because no good cause or special conditions existed); *see also Osgood v. Disc. Auto Parts, LLC*, No. 3:13-CV-1364-J-34, 2014 WL 212323, at *6-8 (M.D. Fla. Jan. 21, 2014) (prohibiting third-parties from attending or videotaping defendant's Rule 35 medical examination because no special circumstances were apparent); *Funez v. Wal-Mart Stores E., LP*, No. 1:12-CV-0259-WSD, 2013 WL 123566, at *8 (N.D. Ga. Jan. 9, 2013) (denying plaintiff's request to have her attorney attend and videotape defendant's Rule 35 medical examination because plaintiff did not show that such special conditions were necessary); *Mantel*, 2009 WL 3247225 at *1 (denying plaintiff's motion for a protective order to allow her lawyer to attend and videotape defendant's Rule 35 medical examination in light of the "majority view" amongst federal courts); *Tomlinson v. Landers*, No. 07-CV-1180J-TEM, 2009 WL 2496531, at *1 (M.D. Fla. Aug. 12, 2009) (denying plaintiff's motion to permit a videographer to attend defendant's Rule 35 medical examination because plaintiff did not offer any evidence that defendant's doctor would not conduct a fair examination).

---

[3] While Plaintiff cites Florida state case law permitting the presence of an attorney and videographer at a Court-ordered medical examination, *see* (ECF No. 26 at 4) (citing *Prince v. Mallari*, 36 So. 3d 128 (Fla. 5th DCA 2010) and *U.S. Sec. Ins. Co. v. Cimino*, 754 So. 2d 697 (Fla. 2000)), as shown above, "[t]here is substantial case law within the Federal Courts that expressly excludes third parties and any recording devices from a Rule 35 physical or mental examination." *Mantel v. Carnival Corp.*, No. 09-CV-20042, 2009 WL 3247225, at *1 (S.D. Fla. Oct. 9, 2009) (King, J.) (citations omitted).


### III. CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDED** as follows:

(1) Defendant's Motion to Preclude Attendance of Plaintiff's Counsel and Videographer at Independent Medical Examination (ECF No. 24) is **GRANTED**.

(2) Plaintiff shall appear for a medical examination on **Monday, December 1, 2014 at 4:00p.m. at 4302 Alton Road, Suite 950, Miami Beach, Florida, 33140**. The examination will be performed by **Dr. Marc Ulmas**.

(3) The scope of the medical examination shall be limited to investigating the cause, nature, and extent of Plaintiff's injuries allegedly caused by her slip-and-fall on Defendant's cruise ship, and ascertaining Plaintiff's medical history and current medical condition.

(4) No third-parties shall attend the medical examination.

(5) Plaintiff shall not videotape or otherwise record the medical examination.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Florida on November 25, 2014.

_____
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
United States District Judge Beth Bloom
All Counsel of Record